UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
DEMOS P. DEMOPOULOS, VICTOR
CASTELLANO, VINCENT THEURER, and
STEVEN GOLDMAN, as Trustees and Fiduciaries of
the LOCAL 553 PENSION, BENEFITS, and
DEFERRED COMPENSATION TRUST FUNDS,

                              Plaintiffs,


        -against-


PACIFIC ENERGY CORP. a/k/a PACIFIC
PETROLEUM TRANSPORT INC. a/k/a
PACIFIC PETROLEUM TRANSPORT CO.
INC.; NEW YORK DIESEL; and INTERBORO
PETROLEUM TRANSPORTER,

                              Defendants.
------------------------------------------------------------------X


<u>COMPLAINT</u>

        The Trustees and Fiduciaries ("Plaintiffs" or the "Trustees") of the Local 553

Pension, Benefits, and Deferred Compensation Trust Funds (the "Funds"), by their attorneys,

Friedman & Anspach, complaining of Pacific Energy Corp. a/k/a Pacific Petroleum Transport

Inc. a/k/a Pacific Petroleum Transport Co. Inc. ("Pacific"), New York Diesel ("Diesel"), and

Interboro Petroleum Transporter ("Interboro") (together, the "Defendants"), allege as follows:


<u>INTRODUCTION</u>

        1.      The Trustees bring this action to obtain a judgment against Defendants to

compel an audit of their books and records, for unpaid and delinquent contributions and the

attendant damages pursuant to the Employee Retirement Income Security Act of 1974

1

113316

("ERISA"), as amended, 29 U.S.C. §§ 1001, et seq.  Specifically, the Trustees invoke Sections 502(a)(3), 502(g), and 515 of ERISA, 29 U.S.C. § 1132(a)(3), 1132(g), and 1145.

2.     In bringing this action, the Trustees seek to redress violations of Section 515 of ERISA, 29 U.S.C. § 1145, and are, inter alia, enforcing the terms of the Local 553 Pension Fund Amended and Restated Trust Agreement ("Pension Trust Agreement"), Local 553 Benefits Fund Trust Agreement ("Benefits Trust Agreement"), and Local 553 Deferred Compensation Fund Trust Agreement ("Deferred Compensation Trust Agreement") (collectively, the "Trust Agreements") governing the Funds, as well as the collective bargaining agreements between Defendant and Local 553, International Brotherhood of Teamsters ("Local 553" or the "Union").

JURISDICTION AND VENUE

3.     This Court has jurisdiction over this matter pursuant to Sections 502(e) and 502(f) of ERISA , 29 U.S.C. §§ 1132(e), 1132(f).

4.     Venue lies in this District pursuant to Sections 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), because the Funds are administered and conduct business within this District.

THE PARTIES

5.     Plaintiffs Demos P. Demopoulos, Victor Castellano, Vincent Theurer, and Steven Goldman are the Trustees of the Funds and "plan sponsors" pursuant to Section 3(16)(B) of ERISA, 29 U.S.C. § 1002(16)(B).  The Funds are an "employee benefit plan" and a "multiemployer plan" within the meaning of Sections 3(3) and 3(37) of ERISA, 29 U.S.C. §§

2

1002(3), 1002(37).  Plaintiffs bring this action on behalf of and for the benefit of the participants

of the Funds and in their respective capacities as plan fiduciaries.

6.      Plaintiffs' offices are located at 265 West 14th Street, Suite 305A, New

York, New York 10011.  They conduct business in the City of New York within the State of

New York.  The Funds were established pursuant to the terms of collective bargaining

agreements between Local 553 and various employers.  The Funds are maintained for the

purposes of collecting and receiving contributions, and providing benefits pursuant to and in

accordance with the Trust Agreements.

7.      Pacific is a company which maintains its office and operates out of 802

Jamaica Avenue, Brooklyn, New York 11208.  At all times material hereto, Pacific has been

engaged in the business of transportation of oil in the New York metropolitan areas.

8.      Diesel is a company which maintains its office and operates out of 802

Jamaica Avenue, Brooklyn, New York 11208.  At all times material hereto, Pacific has been

engaged in the business of transportation of oil in the New York metropolitan areas.

9.      Interboro is a company which maintains its office and operates out of 802

Jamaica Avenue, Brooklyn, New York 11208.  At all times material hereto, Pacific has been

engaged in the business of transportation of oil in the New York metropolitan areas.


THE COLLECTIVE BARGAINING AGREEMENT

10.     Pacific was a signatory to a series of collective bargaining agreements

with Local 553, effective from at least December 16, 2004 through December 15, 2007 (the

"CBAs").

113316

11.     Pursuant to the CBAs, Pacific assumed all of the obligations imposed by the Trust Agreements.

12.     Pursuant to the CBAs and the Trust Agreements, Pacific agreed to submit monthly remittance reports and make contributions to the Funds on behalf of employees covered by the CBAs by the 10th day of each month.

13.     Following the expiration of the CBAs, Pacific continued to submit monthly remittance reports and to make monthly contributions to the Funds on behalf of employees covered by the CBAs in accordance with the terms of subsequent Local 553 collective bargaining agreements, covering the period from December 16, 2007 through December 15, 2019.

14.     During the period from December 16, 2007 through December 15, 2019, Pacific has repeatedly submitted its books and records to the Funds for audit in accordance with the requirements set forth in the Trust Agreements.

15.     By its actions following the expiration of the CBAs, Pacific bound itself to the Local 553 collective bargaining agreements and the Trust Agreements for the period from December 16, 2007 through December 15, 2019.


FAILURE TO MAKE CONTRIBUTIONS

16.     Upon information and belief, Pacific has employed at least one employee covered by the CBAs during the period from December 16, 2004 to the present.

17.     Pacific has not submitted any remittance reports or made any contributions to the Funds since April 1, 2017.

4

113316

18.     Such failure and refusal to pay contributions and interest to the Funds is a violation of the CBAs, the Trust Agreements, and Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145.

19.     Pacific's failure and refusal to pay contributions and interest has damaged the Funds by denying the Funds investment income on the unpaid contributions and by forcing the Funds to incur costs for collecting the delinquent contributions and interest.

20.     To the extent that Pacific has failed to submit a remittance report for the month it is due, the Trust Agreements set out a formula that the Trustees may use in order to estimate contributions owed.

21.     Under the Trust Agreements, Pacific's failure to submit remittance reports for a particular month entitles the Funds to a sum for that month that is computed by adding ten percent (10%) to the number of hours for the month in which the largest number of hours were reported in the previous twelve (12) remittance reports submitted by the employer (hereinafter referred to as the base month).  The total number of hours for the unreported period as determined by the aforesaid is multiplied by the current contribution rate, and the amount of contributions so computed shall be binding on the employer and shall be deemed the amount due from the employer.

22.     The Trust Agreements and Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), authorize the Trustees to bring actions to enforce an employer's obligations to the Funds, including, but not limited to, the obligations to report hours, produce records, and pay contributions to the Funds.

113316

23.     The Trust Agreements and Section 502(g)(2)(B) of ERISA, 29 U.S.C. § 1132(g)(2)(B) require payment of interest on unpaid contributions at the rate of eighteen percent (18%) per annum.

24.     The Trust Agreements and Section 502(g)(2)(C) of ERISA, 29 U.S.C. § 1132(g)(2)(C), further provide for payment of the greater of liquidated damages in an amount equal to twenty percent (20%) of unpaid contributions or an amount equal to the interest on unpaid contributions.

25.     The Trust Agreements and Section 502(g) of ERISA, 29 U.S.C. § 1132(g), also provide that in an action to collect delinquent contributions the Court shall award reasonable attorneys' fees and costs and such other and further equitable relief as the Court deems appropriate.

26.     For the period from April 1, 2017 to the present, Pacific has failed to pay contributions on behalf of its employees (i) to the Local 553 Pension Fund in the amount of $14,976.00, (ii) to the Local 553 Deferred Compensation Fund in the amount of $7,048.00, and (iii) to the Local 553 Benefits Fund in the amount of $76.80.

## THE 2014 AND 2015 AUDITS

27.     Pursuant to the CBAs and the Trust Agreements, the Funds may audit the records of a participating employer whenever such examination is deemed necessary or advisable by the Trustees.  Upon request, the employer must promptly furnish to the Trustees such payroll records and data with respect to individual employees as the Trustees may reasonably require in connection with the administration of the Funds.

6

28.     Pacific provided its books and records for 2014 and 2015 to the Funds' auditors for review.

29.     An audit of Pacific's books and records for 2014 and 2015 revealed that Pacific had underreported and underpaid contributions owed to the Funds for work performed during that period.

30.     During the period from January 1, 2014 to December 31, 2014, the Trustees' auditors found that Pacific owes $28,210.03 in unpaid contributions to the Local 553 Pension Fund and $102.40 to the Local 553 Benefits Fund.

31.     During the period from January 1, 2015 to December 31, 2015, the Trustees' auditors found that Pacific owes $7,764.80 in unpaid contributions to the Local 553 Pension Fund and $101.60 to the Local 553 Benefits Fund.

32.     The Funds have sent the results of the 2014 and 2015 audits to Pacific, and demanded that Pacific pay the delinquent contributions and interest owed.

33.     To date, Pacific has not paid the monies owed for the period from January 1, 2014 through December 31, 2015, as revealed by the 2014 and 2015 audits.


INTEREST ON LATE PAYMENTS

34.     The Pension Trust Agreement and the Benefits Trust Agreement require Pacific to make contributions to the Pension Fund and Benefits Fund, respectively, for all payroll periods ending during a calendar month by no later than the 30th day of the following calendar month.

113316

35.     The Deferred Compensation Trust Agreement requires Pacific to make contributions to the Deferred Compensation Fund for all payroll periods ending during a calendar month by no later than the 10th day of the following calendar month.

36.     The Trust Agreements give the Trustees the right to charge an employer interest at eighteen percent (18%) per annum if it fails to make contributions to the Funds, for which it is obligated, on a timely basis.

37.     Pacific has failed to make timely contributions to the Funds in each of the months from January 2015 to April 2017.

38.     Pacific owes $2,743.25 in interest to the Pension Fund for late payments during the period from January 2015 to April 2017.

39.     Pacific owes $11.59 in interest to the Benefits Fund for late payments during the period from January 2015 to April 2017.

40.     Pacific owes $842.26 in interest to the Deferred Compensation Fund for late payments during the period from January 2015 to April 2017.

RELATIONSHIP BETWEEN PACIFIC AND DIESEL

41.     Upon information and belief, at all times relevant to this action, Diesel was used to avoid Pacific's obligations under Local 553's collective bargaining agreements.

42.     Upon information and belief, at all times relevant to this action, Pacific and Diesel shared common ownership.

43.     Upon information and belief, at all times relevant to this action, Pacific and Diesel shared common management.

113316

44.     Upon information and belief, at all times relevant to this action, Pacific and Diesel shared common operations.

45.     Upon information and belief, at all times relevant to this action, Pacific and Diesel shared common supervision.

46.     Upon information and belief, at all times relevant to this action, Pacific and Diesel shared common customers.

47.     Upon information and belief, at all times relevant to this action, Pacific and Diesel shared common equipment.

48.     Upon information and belief, at all times relevant to this action, Pacific and Diesel shared common vehicles.

49.     Upon information and belief, at all times relevant to this action, Pacific and Diesel shared a common business purpose.

50.     Upon information and belief, at all times relevant to this action, the employees of Pacific and Diesel shared similar working conditions.

51.     Upon information and belief, at all times relevant to this action, the employees of Pacific and Diesel shared similar job classifications.

52.     Upon information and belief, at all times relevant to this action, the employees of Pacific and Diesel shared similar skills and job functions.

53.     Upon information and belief, at all times relevant to this action, the employees of Pacific and Diesel performed similar services for customers.

54.     Upon information and belief, at all times relevant to this action, the employees of Pacific and Diesel interchanged between the two companies.

113316

55.     Upon information and belief, at all times relevant to this action, the employees of Pacific and Diesel worked out of the same locations.

## RELATIONSHIP BETWEEN PACIFIC AND INTERBORO

56.     Upon information and belief, at all times relevant to this action, Interboro was used to avoid Pacific's obligations under Local 553's collective bargaining agreements.

57.     Upon information and belief, at all times relevant to this action, Pacific and Interboro shared common ownership.

58.     Upon information and belief, at all times relevant to this action, Pacific and Interboro shared common management.

59.     Upon information and belief, at all times relevant to this action, Pacific and Interboro shared common operations.

60.     Upon information and belief, at all times relevant to this action, Pacific and Interboro shared common supervision.

61.     Upon information and belief, at all times relevant to this action, Pacific and Interboro shared common customers.

62.     Upon information and belief, at all times relevant to this action, Pacific and Interboro shared common equipment.

63.     Upon information and belief, at all times relevant to this action, Pacific and Interboro shared common vehicles.

64.     Upon information and belief, at all times relevant to this action, Pacific and Interboro shared a common business purpose.

113316

65.     Upon information and belief, at all times relevant to this action, the employees of Pacific and Interboro shared similar working conditions.

66.     Upon information and belief, at all times relevant to this action, the employees of Pacific and Interboro shared similar job classifications.

67.     Upon information and belief, at all times relevant to this action, the employees of Pacific and Interboro shared similar skills and job functions.

68.     Upon information and belief, at all times relevant to this action, the employees of Pacific and Interboro performed similar services for customers.

69.     Upon information and belief, at all times relevant to this action, the employees of Pacific and Interboro interchanged between the two companies.

70.     Upon information and belief, at all times relevant to this action, the employees of Pacific and Interboro worked out of the same locations.

THE OBLIGATIONS OF DIESEL AND INTERBORO

71.     The collective bargaining agreements and the Trust Agreement require Pacific to make contributions to the Funds in specified amounts for hours worked and/or paid in employment covered by the collective bargaining agreements ("covered employment").

72.     The collective bargaining agreements and the Trust Agreement require Diesel to make contributions to the Funds in specified amounts for covered employment.

73.     The collective bargaining agreements and the Trust Agreement require Interboro to make contributions to the Funds in specified amounts for covered employment.

113316

74.     The collective bargaining agreements and the Trust Agreement require Pacific to submit detailed written reports of hours worked and/or paid in covered employment each month ("remittance reports").

75.     The collective bargaining agreements and the Trust Agreement require Diesel to submit remittance reports each month.

76.     The collective bargaining agreements and the Trust Agreement require Interboro to submit remittance reports each month.

77.     Pacific submitted monthly remittance reports and contributions to the Funds during the period from December 16, 2004 through March 2017.

78.     The remittance reports and contributions submitted by Pacific did not include hours worked by employees in covered employment that appeared on the payroll of Diesel.

79.     The remittance reports and contributions submitted by Pacific did not include hours worked by employees in covered employment that appeared on the payroll of Interboro.

80.     The remittance reports submitted by Pacific did not include all hours worked by employees in covered employment.

81.     The Trustees requested Pacific to produce the books and records of Diesel.

82.     Pacific responded by informing the Trustees that all of Diesel's books and records are in the possession of the District Attorney of New York.

83.     To date, Defendants have not produced the books and records of Diesel and Interboro for audit.

113316

FIRST CAUSE OF ACTION -
PACIFIC'S UNPAID CONTRIBUTIONS FROM APRIL 1, 2017 TO THE PRESENT

84.     Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 83, as though set forth in full herein and with the same force and effect.

85.     Pacific has failed to submit remittance reports and pay contributions to the Funds from April 1, 2017 to the present.

86.     Pacific is liable to the Funds for the unpaid contributions; plus interest on the contributions at eighteen percent (18%) per annum from the date on which such delinquent contributions became due until the date they are remitted to the Funds; plus the greater of liquidated damages in the amount of twenty percent (20%) of the total contributions found to be owing, or additional interest; plus attorneys' fees and costs incurred by the Funds in pursuing the instant action, all in accordance with Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, and the Trust Agreements.

SECOND CAUSE OF ACTION -
PACIFIC'S UNPAID CONTRIBUTIONS IN 2014 AND 2015

87.     Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 86, as though set forth in full herein and with the same force and effect.

88.     According to an audit of Pacific's books and records for the period from January 1, 2014 to December 31, 2015, Pacific has underreported and underpaid contributions owed to the Pension Fund and Benefits Fund for work performed by its covered employees during 2014 and 2015.

89.     For work performed by employees on Pacific's payroll during the period from January 1, 2014 to December 31, 2015, Pacific owes $35,974.83 to the Pension Fund and

113316

$204 to the Benefits Fund; plus interest on the contributions at eighteen percent (18%) per annum from the date on which such delinquent contributions became due until the date they are remitted to the Funds; plus the greater of liquidated damages in the amount of twenty percent (20%) of the total contributions found to be owing, or additional interest; plus attorneys' fees and costs incurred by the Funds in pursuing the instant action, all in accordance with Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, and the Trust Agreements.

THIRD CAUSE OF ACTION -
<u>INTEREST OF LATE PAYMENTS FROM 2015 TO 2017</u>

90.     Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 89, as though set forth in full herein and with the same force and effect.

91.     Pacific has failed to make timely contributions on behalf of employees on its payroll in each of the months from January 2015 to April 2017.

92.     For such late payments, Pacific owes $2,743.25 to the Pension Fund.

93.     For such late payments, Pacific owes $11.59 to the Benefits Fund.

94.     For such late payments, Pacific owes $842.26 to the Deferred Compensation Fund.

FOURTH CAUSE OF ACTION -
<u>DIESEL IS AN ALTER EGO OF PACIFIC</u>

95.     Plaintiffs repeat and reallege the allegations set forth in Paragraphs 1 through 94, as if the same were fully set forth herein.

96.     Upon information and belief, at all times relevant to this action, Diesel was an alter ego of Pacific.

97.     Diesel is jointly and severally liable with Pacific for all sums owed to the Trustees by Pacific, including all unpaid contributions, interest, additional interest or liquidated damages, costs and attorneys' fees.

98.     In addition, Pacific and Diesel are jointly and severally liable for benefit contributions and the attendant damages owed to Plaintiffs for each hour paid to and/or worked by employees of Diesel for work performed in employment covered by Local 553's collective bargaining agreements.

FIFTH CAUSE OF ACTION -
<u>DIESEL AND PACIFIC COMPRISE A SINGLE EMPLOYER</u>

99.     Plaintiffs repeat and reallege the allegations set forth in Paragraphs 1 through 98, as if the same were fully set forth herein.

100.     Upon information and belief, at all times relevant to this action, Diesel and Pacific were a single employer.

101.     Diesel is jointly and severally liable with Pacific for all sums owed to the Trustees by Pacific, including all unpaid contributions, interest, additional interest or liquidated damages, costs and attorneys' fees.

102.     In addition, Pacific and Diesel are jointly and severally liable for benefit contributions and the attendant damages owed to Plaintiffs for each hour paid to and/or worked by employees of Diesel for work performed in employment covered by Local 553's collective bargaining agreements.

SIXTH CAUSE OF ACTION -
<u>INTERBORO IS AN ALTER EGO OF PACIFIC</u>

15

113316

103.    Plaintiffs repeat and reallege the allegations set forth in Paragraphs 1 through 102, as if the same were fully set forth herein.

104.    Upon information and belief, at all times relevant to this action, Interboro was an alter ego of Pacific.

105.    Interboro is jointly and severally liable with Pacific for all sums owed to the Trustees by Pacific, including all unpaid contributions, interest, additional interest or liquidated damages, costs and attorneys' fees.

106.    In addition, Pacific and Interboro are jointly and severally liable for benefit contributions and the attendant damages owed to Plaintiffs for each hour paid to and/or worked by employees of Interboro for work performed in employment covered by Local 553's collective bargaining agreements.

SEVENTH CAUSE OF ACTION -
INTERBORO AND PACIFIC COMPRISE A SINGLE EMPLOYER

107.    Plaintiffs repeat and reallege the allegations set forth in Paragraphs 1 through 106, as if the same were fully set forth herein.

108.    Upon information and belief, at all times relevant to this action, Interboro and Pacific were a single employer.

109.    Interboro is jointly and severally liable with Pacific for all sums owed to the Trustees by Pacific, including all unpaid contributions, interest, additional interest or liquidated damages, costs and attorneys' fees.

110.    In addition, Pacific and Interboro are jointly and severally liable for benefit contributions and the attendant damages owed to Plaintiffs for each hour paid to and/or

worked by employees of Interboro for work performed in employment covered by Local 553's

collective bargaining agreements.


EIGHTH CAUSE OF ACTION -
AUDIT OF DIESEL AND INTERBORO

111.   Plaintiffs repeat and reallege the allegations set forth in Paragraphs 1

through 110, as if the same were fully set forth herein.

112.   Defendants' failure and/or refusal to provide the books and records of

Diesel and Interboro for audit violates the Trust Agreements and ERISA.


NINTH CAUSE OF ACTION -
AUDIT OF DIESEL AND INTERBORO

113.   Plaintiffs repeat and reallege the allegations set forth in Paragraphs 1

through 112, as if the same were fully set forth herein.

114.   To the extent that any Defendant claims that it has not maintained

pertinent books and records for any portion of the periods sought to be audited, it has violated the

terms of Local 553's collective bargaining agreements and the Trust Agreements.

115.   To the extent that any Defendant claims that it has not maintained

pertinent books and records for any portion of the periods sought to be audited, it has also

violated Section 209(a) of ERISA, 29 U.S.C. § 1059(a), which requires an employer to "maintain

records with respect to each of his employees sufficient to determine the benefits due or which

may become due to such employees."  In addition, under Section 107 of ERISA, 29 U.S.C. §

1027, "records [must be] available for examination for a period of not less than six years."

113316

116.     To the extent that any Defendant claims that it has not maintained

pertinent books and records for any portion of the periods sought to be audited, it has also

violated Section 515 of ERISA, 29 U.S.C. § 1145, which requires "[e]very employer who is

obligated to make contributions to a multiemployer plan under the terms of the plan or under the

terms of a collectively bargained agreement . . . [to] make such contributions in accordance with

the terms and conditions of such plan or such agreement."

117.     To the extent that any Defendant claims that it has not maintained

pertinent books and records for any portion of the periods sought to be audited, the Trust

Agreements set out a formula that Plaintiffs may use in order to estimate contributions owed.

118.     Trust Agreements provide that if an employer fails to submit a remittance

report for any month or fail to produce books and records for that month during an audit

investigation then the Trustees may compute the sum due for any month by adding 10% to the

number of hours for the month in which the largest number of hours were reported in the

previous twelve (12) reports submitted by the Employer (hereinafter referred to as the base

month).  In the event there was an audit disclosing unreported hours for the base month, the

amount of said unreported hours plus 10% thereof shall be added to arrive at the total hours.  The

total number of hours for the unreported period as determined aforesaid shall be multiplied by

the current contribution rate

119.     Accordingly, Plaintiffs are entitled, under the Trust Agreement and

Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), to the following in this action: (i) the

estimated amount of unpaid contributions, (ii) interest on the unpaid contributions, (iii) an

amount equal to the greater of interest on the unpaid contributions or liquidated damages, (iv)

18

reasonable attorneys' fees and costs of the action and (v) such other legal or equitable relief as the Court deems appropriate.


## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:


1.      On the First Cause of Action

An Order directing Pacific to pay the Funds the amount in unpaid contributions found to be due and owing for the period from April 1, 2017 to the present; plus interest on the contributions at eighteen percent (18%) per annum from the date on which such delinquent contributions became due until the date they are remitted to the Funds; plus the greater of liquidated damages in the amount of twenty percent (20%) of the total contributions found to be owing, or additional interest; plus attorneys' fees and costs.


2.      On the Second Cause of Action

An Order directing Pacific to pay $35,974.83 to the Pension Fund and $204 to the Benefits Fund for unpaid contributions during the period from January 1, 2014 to December 31, 2015; plus interest on the contributions at eighteen percent (18%) per annum from the date on which such delinquent contributions became due until the date they are remitted to the Funds; plus the greater of liquidated damages in the amount of twenty percent (20%) of the total contributions found to be owing, or additional interest; plus attorneys' fees and costs.


3.      On the Third Cause of Action

113316

An Order directing Pacific to pay $2,743.25 to the Pension Fund; $11.59 to the Benefits Fund; $842.26 to the Deferred Compensation Fund for late payments made during the period from January 2015 to April 2017; plus interest on the contributions at eighteen percent (18%) per annum from the date on which such delinquent contributions became due until the date they are remitted to the Funds; plus the greater of liquidated damages in the amount of twenty percent (20%) of the total contributions found to be owing, or additional interest; plus attorneys' fees and costs.

     4.    <u>On the Fourth Cause of Action</u>

An Order directing Pacific and Diesel to pay the Funds the amount in unpaid contributions found to be due and owing for the period from September 25, 2011 to the present; plus interest on the contributions at eighteen percent (18%) per annum from the date on which such delinquent contributions became due until the date they are remitted to the Funds; plus the greater of liquidated damages in the amount of twenty percent (20%) of the total contributions found to be owing, or additional interest; plus attorneys' fees and costs.

     5.    <u>On the Fifth Cause of Action</u>

An Order directing Pacific and Diesel to pay the Funds the amount in unpaid contributions found to be due and owing for the period from September 25, 2011 to the present; plus interest on the contributions at eighteen percent (18%) per annum from the date on which such delinquent contributions became due until the date they are remitted to the Funds; plus the greater of liquidated damages in the amount of twenty percent (20%) of the total contributions found to be owing, or additional interest; plus attorneys' fees and costs.

113316

6.      <u>On the Sixth Cause of Action</u>

An Order directing Pacific and Interboro to pay the Funds the amount in unpaid contributions found to be due and owing for the period from September 25, 2011 to the present; plus interest on the contributions at eighteen percent (18%) per annum from the date on which such delinquent contributions became due until the date they are remitted to the Funds; plus the greater of liquidated damages in the amount of twenty percent (20%) of the total contributions found to be owing, or additional interest; plus attorneys' fees and costs.

7.      <u>On the Seventh Cause of Action</u>

An Order directing Pacific and Interboro to pay the Funds the amount in unpaid contributions found to be due and owing for the period from September 25, 2011 to the present; plus interest on the contributions at eighteen percent (18%) per annum from the date on which such delinquent contributions became due until the date they are remitted to the Funds; plus the greater of liquidated damages in the amount of twenty percent (20%) of the total contributions found to be owing, or additional interest; plus attorneys' fees and costs.

8.      <u>On the Eighth Cause of Action</u>

An Order directing Defendants to produce their books and records for the period from September 25, 2011 to the present within thirty (30) days to the Trustees' auditors for examination; plus attorneys' fees and costs.

21

113316

9.      <u>On the Ninth Cause of Action</u>

In the event that any Defendant claims that it has not maintained pertinent books and records for any portion of the periods sought to be audited, an Order directing Defendants to pay an amount for that month equal to the sum of the current rate of contributions to each of the Funds multiplied by one hundred ten percent (110%) of the number of hours for the month in which the largest number of hours were reported in the previous twelve reports by the current rate of contributions for each Fund; plus interest on the contributions at eighteen percent (18%) per annum from the date on which such delinquent contributions became due until the date they are remitted to the Funds; plus the greater of liquidated damages in the amount of twenty percent (20%) of the total contributions found to be owing, or additional interest; plus attorneys' fees and costs.

Dated: September 25, 2017
        New York, New York

_____/s/_____
Jae W. Chun (JC-1891)

FRIEDMAN & ANSPACH
1500 Broadway, Suite 2300
New York, New York 10036
(212) 354-4500
jchun@friedmananspach.com

Attorneys for Plaintiffs

4829-1987-6936, v. 1

22

113316